# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BRIAN CRISMAN,

    Petitioner,

vs.

WARDEN LeGRAND, *et al.*,

    Respondents.

Case No. 3:14-cv-00636-HDM-WGC

**ORDER**

    This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner.

    Petitioner has filed a motion to proceed *in forma pauperis*. (ECF No. 3). Based on the information regarding petitioner's financial status, the Court finds that the motion to proceed *in forma pauperis* should be granted. The Clerk shall file the petition.

    The Court will not order the petition served on respondents at this time, because it appears likely that the petition was filed outside the AEDPA one-year limitations period, and may be subject to dismissal on that basis. 28 U.S.C. § 2244(d)(1). The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. Specifically, and in pertinent part, the statute reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The United States Supreme Court has held that the AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).  "A petitioner is entitled to equitable tolling only if he shows: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The AEDPA statute of limitations has serious implications for petitioner.  Petitioner is challenging a state court conviction from 1999.  Petitioner signed his federal habeas petition and dispatched it for mailing on December 1, 2014.  It appears likely that the petition was filed well outside the AEDPA one-year limitations period.  Petitioner will be granted an opportunity to demonstrate either that he submitted his federal habeas corpus petition in a timely manner, or that he is entitled to equitable tolling of the one-year limitations period imposed by the AEDPA.

Additionally, on the face of the federal petition, petitioner states that his grounds for relief were not exhausted in state court.  A federal court will not review a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365

(1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981). A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Petitioner will be granted an opportunity to demonstrate when and how he exhausted each ground contained in the federal petition.

**IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis* (ECF No. 3) is **GRANTED**. Petitioner shall not be required to pay a filing fee to file his habeas corpus petition. The habeas corpus petition shall be **FILED** by the Clerk of Court, but the petition shall not be served on respondents at this time.

**IT IS FURTHER ORDERED** that within **thirty (30) days** from the date of entry of this order, petitioner **SHALL FILE** points and authorities, together with such evidence he may have, that demonstrates either that he submitted his federal habeas corpus petition in a timely manner, or that he is entitled to equitable tolling of the one-year limitations period imposed by the AEDPA. Petitioner's failure to comply with this order will result in the dismissal of this action.

**IT IS FURTHER ORDERED** that within **thirty (30) days** from the date of entry of this order, petitioner **SHALL FILE** points and authorities, together with such evidence he may have, that demonstrates when and how he exhausted his grounds for relief in state court. Petitioner's failure to comply with this order will result in the dismissal of this action.

Dated this 23rd day of July, 2015.

_____
HOWARD D. McKIBBEN
UNITED STATES DISTRICT JUDGE